IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON HOOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15cv423-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clifton Hooks commenced this action on June 16, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his application for a period of disability, disability insurance benefits, and Supplemental Security Income. (Doc. 1, 15). Plaintiff alleged disability as of November 15, 2010 due to chronic back pain, large breasts, and heel pain. (Doc. 16-2 at 22). On April 3, 2013, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] (Doc. 16-2 at 17-24). The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (Id. at 7-12). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 7, 8). For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed. Plaintiff also moves for an award of

---

[1] Plaintiff was represented by counsel at the hearing before the ALJ. (Doc. 16-2 at 17).

1

reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and for an extension of time to file an application for 42 U.S.C. § 406(b) attorney's fees. (Doc. 14 at 10). Because the Commissioner's decision is affirmed, the motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the

2

ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

## DISCUSSION

The sole question for the court is whether the Commissioner's decision should be reversed "because the ALJ committed … error by giving significant weight to the opinion of Robert Heilpern, M.D., yet [the ALJ] failed to include any of the environmental restrictions opined by Dr. Heilpern in [the ALJ's] RFC assessment, without providing any rationale as to why not."[2] (Doc. 14 at 9). The Commissioner asserts that the ALJ properly explained his reasons for excluding Dr. Heilpern's environmental restrictions from the RFC and that the ALJ's decision is based upon substantial evidence. (Doc. 15).

---

[2] Because the court concludes that the ALJ did not err in the manner identified by the plaintiff, it does not consider the parties' arguments that such error is "harmless." (Doc. 14 at 8, Doc. 15 at 7-8).

Dr. Heilpern is a state-agency reviewing physician; he is not plaintiff's treating physician.³ "The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (marks and citations omitted); see also Denomme v. Comm'r, Soc. Sec. Admin., 518 F. App'x 875, 877 (11th Cir. 2013) ("The ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician.") (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)). An ALJ is "required to state with particularity the weight he [gives] different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). "However, 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision' enables the district court 'to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" Adams v. Comm'r, Soc. Sec. Admin., 586 F. App'x 531, 533 (11th Cir. 2014) (quoting and citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)) (alterations in original).

---

³ The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) and Wiggins v. Schweiker, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhard, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). The "substantial or considerable weight" standard is not implicated in this case because Dr. Heilpern is not a treating medical source. (Doc. 14, 15, 16-2 at 18-25).

"[T]he Commissioner, not a claimant's physician, is responsible for determining whether a claimant is statutorily disabled." Denomme, 518 F. App'x at 877 (citations omitted).  Similarly, the development of a claimant's RFC is within the exclusive province of the ALJ, and a physician's testimony about a claimant's limitations is not dispositive. See 20 C.F.R. § 419.927(d)(1-2); see also Denomme, 518 F. App'x at 877-78 (same) (citations omitted).

The ALJ concluded that the plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.927(b) except with the following limitations: no climbing ladders, ropes, or scaffolds; no crawling; occasionally crouch, knee[l], or stoop; and, no foot or arm controls."  (Doc. 16-2 at 21).  Based in part on the RFC, the ALJ determined that there are available jobs that plaintiff can perform, and that the plaintiff is not disabled. (Id. at 25). In formulating the plaintiff's RFC, the ALJ considered "all [plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence"; "opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p"; and "the objective medical evidence contained in the record."  (Id. at 21-22, 24).  Based on the ALJ's written decision regarding plaintiff's symptoms, the medical evidence of record, and the opinion testimony of Dr. Heilpern, and after independently reviewing the evidence of record, the court is satisfied that the ALJ weighed the entirety of the record in formulating the plaintiff's RFC. (See *e.g.,* id. at 18-25, Docs. 16-3, 16-7).

As to Dr. Heilpern's opinion testimony, the plaintiff urges reversal of the Commissioner's decision because, in plaintiff's view, the ALJ offered no explanation or support for his decision to disregard Dr. Heilpern's environmental limitations, which plaintiff claims are not addressed in the RFC. (Doc. 14). On March 7, 2012, Dr. Heilpern completed a medical source statement in which he noted certain limitations that are identified by the plaintiff in support of his argument – i.e., according to Dr. Heilpern, plaintiff has "environmental limitations including avoidance of concentrated exposure to extreme cold, extreme heat, wetness, humidity, and vibration; and avoidance of all exposure to hazardous machinery and unprotected heights." (Doc. 14 at 7 (citing Doc. 16-3 at 6-8)). Notably, Dr. Heilpern's medical source statement contains a written request that the reviewing physician "[e]xplain environmental limitations and how and why the evidence supports your conclusions … [and to] [c]ite specific facts upon which your conclusions are based[.]" (Doc. 16-3 at 8). In response to this query, Dr. Heilpern writes only the words "[n]o hazardous machinery, no unprotected heights." (Id.). In other words, despite having access to plaintiff's medical records, including those from examining medical source Dr. Mark Brian Ellis, D.O., Sarha Doctors Center, and Southeast Alabama Medical Center, Dr. Heilpern does not indicate any medical basis whatsoever for the environmental limitations set out in his medical source statement. (Doc. 16-3 at 3-4, 8).

Regarding the weight the ALJ assigned to Dr. Heilpern's opinion testimony, the ALJ's written decision offers the following explanation:

> As for the opinion evidence, significant weight is given to Robert Heilpern, M.D., a State agency medical consultant, <u>insofar as it is consistent with the residual functional capacity</u>. The record as a whole supports this

> opinion. Specifically, although he complained of pain, there was no abnormal curvature of the spine. There were no spasms or deformities. Straight leg raise on the right caused pain in the lumbar area of the back, but it did not cause it to radiate down the leg. Neurologically, there were no gross motor or sensory deficits noted. Romberg was normal bilaterally. The claimant was able to handle, manipulate, and transfer objects from one hand to another. Deep tendon reflexes were normal, and he had good sensation to light touch in all area[s]. In terms of his extremities, there was no atrophy, wasting or deformity. There was also no clubbing, cyanosis, or edema present. Grip strength was normal bilaterally. No muscle spasms were noted. He walked with a normal gait, and needed no assistance (Ex. 5F/2-3).[4]

(Doc. 16-2 at 24) (emphasis supplied). It appears that plaintiff's argument is based upon a misreading of the ALJ's assignment of weight to Dr. Heilpern's opinion testimony, which is not without limitation, as plaintiff suggests. Plaintiff's argument that the ALJ "fails to account" for why he rejected the "environmental restrictions" of Dr. Heilpern's opinion testimony is inaccurate. (Doc. 14 at 3). The ALJ describes the weight given to Dr. Heilpern's evidence as excluding the physician's opinions that are inconsistent with the RFC. Plaintiff also is incorrect that the ALJ "fails to provide any analysis or rationale as to why these limitations were not included in [plaintiff's] RFC assessment." (Doc. 14 at 3). The ALJ indicates that his RFC finding is based on the "record as a whole," and he provides specific examples that contradict Dr. Heilpern's environmental limitations.

Among those examples is medical evidence from Dr. Ellis in the form of clinic notes dated February 8, 2012. (Doc. 16-7 at 38-41). Dr. Ellis is an examining medical source. (Id.). Dr. Ellis' report supports the ALJ's stated reasons for accepting Dr. Heilpern's opinion only insofar as it is consistent with the RFC, as Dr. Ellis found plaintiff to have no

---

[4] "Ex. 5F/2-3" is found in the court's record at Doc. 16-7 at 39-40.

significant limitations with regard to movement or neurological function. (Id.). It is reasonable for the ALJ to have concluded that, if the plaintiff had no such physical or neurological limitations, Dr. Ellis' clinic notes contradict Dr. Heilpern's environmental limitations.  Put another way, there is substantial medical evidence of record to support the ALJ's rejection of Dr. Heilpern's environmental limitations in light of both Dr. Ellis' notes and Dr. Heilpern's refusal to support his environmental limitations with an explanation or a reference to supporting evidence within plaintiff's medical records.

The record reflects that the ALJ states "with particularity the weight he" assigned to Dr. Heilpern's opinion evidence "and the reasons therefor." Sharfarz, 825 F.2d at 279. The ALJ's written decision is developed sufficiently for the court to undertake a meaningful review and to conclude that the ALJ considered the plaintiff's medical records and condition as a whole.  See Adams, 586 F. App'x at 533.  Moreover, the court has carefully scrutinized the entire record, and it concludes that the ALJ's decision with regard to Dr. Heilpern's opinion evidence is based on substantial evidence.  (See, *e.g.*, Doc. 16-3 at 38-40; Doc. 16-7).  While the plaintiff disagrees with the ALJ's factual findings and directs the court to evidence favoring plaintiff's argument that the RFC is flawed or that plaintiff is, in fact, disabled – specifically Dr. Heilpern's environmental limitations – this court cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. See Dyer, 395 F.3d at 1210 (citing Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (holding that a district court erred in reversing an ALJ's denial of disability benefits because substantial evidence supported the ALJ's decision)). "The [Commissioner], and not the court, is charged with

the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly." Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986) (citing Laffoon v. Califano, 558 F.2d 253, 254 (5th Cir.1977)).

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the court concludes that the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by separate judgment.

In addition, it is

ORDERED that plaintiff's motion for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) and motion for an extension of time to file an application for 42 U.S.C. § 406(b) attorney's fees (Doc. 14) are DENIED.

DONE, on this the 6th day of October, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge